IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BHUPESH KIRAN MANDALI,<br><br>          Plaintiff,<br><br>   v.<br><br>MICHAEL CLARK, *et al.*,<br><br>          Defendants. | Case No. 2:13-cv-1210<br>Judge Peter C. Economus<br>Magistrate Judge Kemp<br>**MEMORANDUM OPINION AND ORDER** |

This matter is before the Court for consideration of Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 10.) The Court **DENIES** as **MOOT** Defendants' motion. The Court further identifies that Defendants have filed an answer that asserts qualified immunity. (ECF No. 17.) For the reasons that follow, the Court hereby **STAYS** discovery proceedings[1] in this action, and **ORDERS** that Defendants file a Motion for Summary Judgment addressing the issue of qualified immunity.

**I.**     **Background**

On December 6, 2013, Plaintiff Bhupesh Kiran Mandali ("Mr. Mandali") filed the instant civil rights action against Defendants. (ECF No. 1.) Mr. Mandali alleges that he was arrested in 2012 on a warrant issued by the St. Clairsville, Ohio, Police Department. He asserts that the warrant was issued without probable cause and that his arrest violated the United States Constitution. In the original complaint, Mr. Mandali asserted claims under 42 U.S.C. § 1983 for violations of the United States Constitution, claims for violations of the Ohio Constitution, and a state law claim.

---

[1] Mr. Mandali has conducted limited discovery in this matter. The Court notes, however, that any further discovery will be stayed in accordance with this Memorandum Opinion and Order.

On April 4, 2014, Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted. (ECF No. 10.) In the motion, Defendants argue that Mr. Mandali's Section 1983 claims fail because of qualified immunity; Mr. Mandali's state law claim fails as a matter of law; and Mr. Mandali's claims under the Ohio Constitution fail because Ohio law provides no private cause of action to remedy constitutional violations. (ECF No. 10 at 4-9.)

On April 24, 2014, Mr. Mandali filed a motion for extension of time to file a response to Defendants' motion to dismiss, and/or to file an amended complaint. (ECF No. 11.) The Court granted that motion. (ECF No. 13.) Magistrate Judge Kemp then issued a preliminary pretrial order that required any amended pleadings to be filed by July 3, 2014. (ECF No. 14.) Mr. Mandali filed an amended complaint on May 30, 2014. (ECF No. 16.) Defendants filed an answer to the amended complaint. (ECF No. 17.) In the answer, Defendants assert qualified immunity as a defense.

## II. Law and Analysis

### A. Motion to Dismiss Moot

"'The general rule is that an amended pleading supersedes the original and remains in effect, unless again modified, from that point forward.'" *Greater Cincinnati Coalition for Homeless v. City of Cincinnati,* No. 1:08–cv–603, 2009 WL 3029661, at *3 (S.D. Ohio Sept. 16, 2009) (quoting 6 Wright, Federal Practice & Procedure § 1476, at 556–57 (2nd ed. 1990 & Supp. 2001)). Once an amended pleading is filed, the original pleading no longer performs any function in the case. *Hartman v. Register,* No. 1:06–cv–33, 2007 WL 915193, at *5 (S.D. Ohio Mar. 26, 2007). The filing of an amended complaint generally moots a pending motion to dismiss. *Yates v. Applied Performance Techs., Inc.,* 205 F.R.D. 497, 499 (S.D. Ohio 2002); s*ee also Hartman,* 2007 WL 915193, at *6 (holding that defendants' motions to dismiss the original complaint and the first amended complaint were moot given the subsequent filing of a second amended

2

complaint); *Pethel v. Washington County Sheriff's Office,* No. 2:06-cv-799, 2007 WL 2359765, at *5 (S.D. Ohio Aug. 16, 2007) ("because an amended complaint supersedes the original complaint, the filing of an amended complaint normally moots a motion to dismiss the original complaint").

Only in the rare case, where the amended complaint is "substantially identical to the original complaint," may a properly filed amended complaint be insufficient to moot the motion to dismiss. *Greater Cincinnati Coal. for Homeless*, 2009 WL 3029661, at *4; *Pethel*, 2007 WL 2359765. For example, when an amended complaint "only addresses a discrete issue, it may not moot the underlying motion to dismiss." *Greater Cincinnati Coal. for Homeless*, 2009 WL 3029661 (citing *In re: GI Holdings*, 122 F. App'x. 544, 556 (3rd Cir. 2004)).

In the present case, Mr. Mandali has filed an amended complaint, which has superseded the original complaint. (ECF No. 16.) Defendants have not provided any indication to the Court that their pending motion to dismiss the original complaint should be directed to the amended complaint. The Court finds that Mr. Mandali's amended complaint is not "substantially identical" to the original complaint because it specifically addresses the issues raised in Defendants' motion to dismiss. The amended complaint abandons the claims regarding the Ohio Constitution that were alleged in the original complaint, and also contains additional factual and legal allegations in support of the state law claims. (ECF No. 16.) Therefore, Defendants' motion to dismiss the original complaint has been rendered moot.

### B. Discovery Stayed Pending Resolution of Qualified Immunity

The defense of qualified immunity completely protects government officials performing discretionary functions from Section 1983 actions in their individual capacities, unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982). "Qualified

immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" *Bletz v. Gribble*, 641 F.3d 743, 750 (6th Cir. 2011) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell*, 472 U.S. at 526. "[T]he 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims against government officials [will] be resolved prior to discovery.'" *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quoting *Anderson v. Creighton,* 483 U.S. 635, 640, n. 2 (1987)). Qualified immunity should "protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government." *Anderson*, 483 U.S. at 646 (internal quotation marks omitted). As a result, the Court must resolve qualified immunity questions at the earliest possible stage in litigation. *See Pearson*, 555 U.S. at 232 (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)).

"When a plaintiff files a complaint against a public official. . . the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998). While the issue of qualified immunity is before the trial court, "the trial court should stay discovery." *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994). "Once raised, the plaintiff bears the burden of showing that a defendant is not entitled to qualified immunity." *Bletz*, 641 F.3d at 750 (citing *Ciminillo v. Streicher,* 434 F.3d 461, 466 (6th Cir. 2006)).

In the subject action, Mr. Mandali's amended complaint asserts claims against Defendants in their individual capacities pursuant to Section 1983. (ECF No. 16.) Defendants' answer asserts a defense of qualified immunity. (ECF No. 17.) Accordingly, the issue of qualified immunity should be resolved before this case can proceed further. Therefore, the Court

directs Defendants to file a Motion for Summary Judgment based on qualified immunity. The Court finds that Defendants are entitled to a stay of discovery pending the Court's ruling on their motion for summary judgment. *See English v. Dyke*, 23 F.3d at 1089. If the parties find that limited discover is necessary to resolve the qualified immunity issue, the Court requires that the request be presented in writing to the Court and comply with the terms of Rule 56(d) of the Federal Rules of Civil Procedure. *See Anderson*, 483 U.S. at 646 n.6 ("[D]iscovery may be necessary before Anderson's motion for summary judgment on qualified immunity grounds can be resolved. Of course, any such discovery should be tailored specifically to the question of Anderson's qualified immunity."); *accord Poe v. Haydon*, 853 F.2d 418 (6th Cir. 1988).

**III.    Conclusion**

For the reasons discussed above, the Court hereby **DENIES** as **MOOT** Defendants' Motion to Dismiss. (ECF No. 10.) The Court further orders that discovery is **STAYED** in accordance with this Memorandum Opinion and Order.

Defendants shall file their Motion for Summary Judgment addressing the issue of qualified immunity no later than **November 14, 2014.** Plaintiff shall file his opposition brief on or before **December 16, 2014.** Defendants' reply brief shall be filed on or before **January 6, 2015**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE